UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| UNIVERSAL LAND & LIVESTOCK, LLC, | ) | CASE NO. 17-80750-JJG-11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §363 FOR AN ORDER AUTHORIZING AND APPROVING THE SALE OF DEBTOR'S REAL ESTATE TO PINNACLE HEARTLAND OPERATING COMPANY, LLC, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES WITH VALID LIENS TO ATTACH TO SALE PROCEEDS**

Universal Land & Livestock, LLC, the debtor and debtor-in-possession[1] (the "Debtor"), by counsel, pursuant to 11 U.S.C. §§ 363(b) and (f); Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure; and Local Bankruptcy Rules B-6004-1 and B-6004-2, seek an order authorizing and approving the sale of a portion of the Debtor's real estate free and clear of liens, claims, interests, and encumbrances, with valid liens attaching to the sale proceeds (the "Sale Motion"). In support, the Debtors state the following:

### I. Jurisdiction and Venue

1. The Debtor filed its petition for relief under Title 11, Chapter 11 of the United States Code on November 8, 2017 (the "Petition Date"). The Debtor has continued after the Petition Date in the possession of their property and the

---

[1] Prior to the filing of this Chapter 11 proceeding, Sentinel Services, Inc. d/b/a Chikol Equities, Inc. was appointed as a receiver over the assets of the Debtor. First Financial Bank has filed its *Creditor First Financial Bank's Motion to Excuse Turnover and Authorize the Receiver to Make Necessary Expenditures* [Doc. 10] to which the Debtor has objected. The Debtor takes the position that it is a "debtor-in-possession" since turnover has not been excused.

1

management of their business as Debtor-in-Possession pursuant to 11 U.S.C. §1107 and 1108.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(M) and (N). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. No trustee or examiner has been appointed in these chapter 11 cases, and no committees have been appointed or designated.

## II. Background

4. The Debtor owns real estate located in Edgar County, Illinois, consisting of approximately 411.53 gross acres (the "Real Estate").

5. The Debtor wishes to enter into a Purchase Agreement and a First Amendment to Purchase Agreement (collectively "Agreement") with Pinnacle Heartland Operating Company, LLC ("Pinnacle Heartland") for the sale of the Real Estate copies of which is attached hereto as Exhibit "A".

6. By this Sale Motion, the Debtor seek authority to enter into the Purchase Agreement and complete the sale of the Real Estate to Pinnacle Heartland. The Purchase price for the Real Estate is in the sum of $2,182,000.00.

7. Pursuant to this Sale Motion, the Debtor seeks an Order to transfer the 411.53 acres as a legal, valid and effective transfer of the real estate which will vest the Purchaser with all right, title and interest in the Real Estate free and clear of any liens and claims of any and every kind or nature whatsoever pursuant to 11 U.S.C. §363(f) and all other applicable laws.

8.  The Debtor believes the sale of the Real Estate is in the best interest of the estate and creditors, and the sale will help the Debtors cover living and farming expenses.

### III. Marketing of the Real Estate

9.  Prior to the Petition Date, the debtor formally listed with Ken Baker Real Estate and marketed the property and informally marketed the Real Estate with Mossy Oak Properties.

10. No formal marketing has been done, but the Debtor believes that the price being paid pursuant to the Purchase Agreement is fair and reasonable. The price per acre is approximately $5,302.17.

11. The Debtor has sold other real estate tangential to the Real Estate and the purchase price is consistent with prior sales of the Debtor.

12. Further, First Financial Bank, f/k/a First Financial Bank, National Association, ("FFB") is the mortgage holder on the Real Estate, consents to the sale, and acknowledges that the purchase price represents the fair market value of the Real Estate.

13. For the reasons set forth herein, the Debtor submits the Purchase Agreement is a result of arms-length and good-faith negotiations. Accordingly, the Debtor requests that the Court make a finding that the Purchaser is a good-faith purchaser entitled to the protection of 11 U.S.C. §§ 363(m) & (n)

### IV. Asserted Interests in the Real Estate

14. FFB is the only lienholder with respect to the Real Estate other than potential real estate taxes which will be paid at closing.

## V. Basis for Relief Requested—11 U.S.C. §363

15. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor to sell or lease property other than in the ordinary course of business after notice and a hearing. Generally speaking, a Court will approve a proposed sale or lease of property outside the ordinary course of business if such a sale or lease represents sound business judgment. See In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983); In re Allegheny Int'l Inc., 117 B.R. 171, 176-77 (W.D. Pa. 1990); In re Stroud Ford. Inc., 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993). Such a sale or lease must be proposed in good faith. In re Abbotts Dairies, Inc., 788 F.2d 143, 147-50 (3d Cir. 1986); In re Lionel Corp., 722 F.2d at 1070-71; In re Allegheny Inc., 117 B.R. at 176-77; In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc., 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

16. Courts have found a sound business purpose if the sale of a debtor's assets is necessary to preserve the value of the assets for the estate, its creditors, or interest holders. In re Abbotts Dairies, Inc., 788 F. 2d at 150.

17. The Debtor submits that the sale of the Real Estate is within its sound business judgment. The Debtor has determined that the sale of the Real Estate will maximize the value of the Debtor's estate and is in the best interest of the estate and its creditors.

18. Section 363(f)(2) of the Bankruptcy Code provides that a sale may be free and clear of any interest in such property of an entity other than the estate if such entity consents. The only liens on the Real Estate are described herein, but the Debtor will be serving all his creditors with this Sale Motion and notice of opportunity to object. Absent any objection to this Sale Motion, any parties holding liens, claims, interests or

4

encumbrances on the Real Estate will be deemed to have consented to the sale thereby satisfying section 363(f)(2).

19. The Debtor submits that one or more of the conditions set forth in Section 363(f) will be satisfied with the respect to the sale of the Real Estate. Specifically, those parties holding liens, claims, interests or encumbrances will consent, or absent an objection to the Sale Motion, shall be deemed to have consented. Further, any such lien, claims, interest or encumbrance will be adequately protected by attachment to the sale proceeds.

20. The Debtor also requests that if no objections are filed or pending at the time of hearing on this motion, that the Court waive the 14-day stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Debtor requests the entry of an Order:

(a) authorizing the sale of the Real Estate free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 363(b) and (f), with valid liens to attach to the proceeds of the sale;

(b) finding that the Purchaser is a good-faith purchaser entitled to the protection of 11 U.S.C. §§ 363(m) and (n);

(c) waiving the 14-day stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure if no objections are filed or pending at the time of the hearing on this motion; and

(d) granting all other just and proper relief.

Respectfully submitted,

HESTER BAKER KREBS LLC

By: */s/ David R. Krebs*
David R. Krebs
John J. Allman
Hester Baker Krebs LLC
One Indiana Square, Suite 1600
Indianapolis, IN 46204
(317) 833-3030
Fax: (317) 833-3031
Email:   dkrebs@hbkfirm.com
Email:   jallman@hbkfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- J Michael Debbeler   mdebbeler@graydon.com
- Laura A DuVall   Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
- Branson Daniel Dunlop   bdunlop@graydon.law
- Annette England   aengland@btlaw.com
- Mark S. Fryman, Jr.   fryman@starrausten.com
- Jeffrey M Hendricks   jhendricks@graydon.com
- Scott L. Starr   starr@starrausten.com
- U.S. Trustee   ustpregion10.in.ecf@usdoj.gov

I further certify that on January 5, 2018, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

All creditors and parties in interest listed on Exhibit "B" attached hereto and made a part hereof.

*/s/ David R. Krebs*
David R. Krebs
John J. Allman

6