**SO ORDERED: February 20, 2018.**



_____
Jeffrey J. Graham
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| UNIVERSAL LAND & LIVESTOCK, LLC, | ) | CASE NO. 17-80750-JJG-11 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §363 FOR AN ORDER AUTHORIZING AND APPROVING THE SALE OF DEBTOR'S LIVESTOCK AND FROZEN GENETICS AT AUCTION, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES WITH <u>VALID LIENS TO ATTACH TO SALE PROCEEDS [DOC. 59]</u>**

This matter came before the Court on February 5, 2018 (the "Hearing") on the *Debtor's Motion Pursuant to 11 U.S.C. §363 for an Order Authorizing and Approving the Sale of Debtor's Livestock and Frozen Genetics at Auction, Free and Clear of Liens, Claims, Interests, and Encumbrances with Valid Liens to Attach to Sale Proceeds* filed January 11, 2018, [Docket No. 59] (the "Sale Motion") filed by Universal Land &

Livestock LLC (the "Debtor"). The Debtor's representative, its counsel, and First Financial Bank ("FFB") by counsel, attended the Hearing. No objections to the Sale Motion were filed.

The Court, having held the Hearing on the Sale Motion, and having heard the testimony provided; having reviewed the Sale Motion; and after review of the entire docket in this matter, including the various certificates of service filed in this matter in respect of the Sale Motion and the notice thereon [Docket No. 63] (the "Notice"); and being otherwise duly advised in the premises, now makes the following findings of fact:

**I. FINDINGS OF FACT:**

    A. The Debtor served the Sale Motion and Notice, at least ten (10) days prior to the Hearing on all appearing counsel, the U.S. Trustee, Debtors, all creditors of the estates of Universal Land & Livestock LLC as required by the *Notice of Hearing and Opportunity to Object* [Docket. No 63].

    B. All lienholders were provided notice of the Sale Motion and the Hearing.

    C. The Sale Motion and the Notice contained sufficient detail to apprise the creditors of all aspects of the sale of Livestock and Frozen Genetics as herein defined.

    D. In the Sale Motion, the Debtors seek authority to sell (the "Sale") a portion of Debtor's personal property assets, including a multi breed cowherd and frozen genetics (the "Livestock and Frozen Genetics") at an auction to be conducted by Lowderman Auction & Real Estate ("Lowderman").

    E. The Sale Motion identified FFB as the sole entity asserting liens on the Livestock and Frozen Genetics.

F. The Livestock and Frozen Genetics are not claimed as exempt property by the Debtor.

**II. CONCLUSIONS OF LAW:**

1. This Court has jurisdiction over the Sale Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2. The statutory bases for the relief sought herein are §§ 105 and 363 of the Code and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Rules") and Local Rule B-6004-1 & -2.

3. The Debtor has complied with Local Rule B-6004-1 & -2.

4. Section 363(b)(1) of the Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Section 105(a) of the Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

5. A sound business reason exists to sell the Livestock and Frozen Genetics at Auction.

6. FFB shall be, and hereby is authorized to credit bid at the Livestock and Frozen Genetics, subject to the payment terms in an Order Authorizing Employment of Auctioneer (the "Employment Order") to be entered in these proceedings.

7. Upon completion of the Auction, Lowderman shall be paid in accordance with the terms of the Employment Order.

3

8. Debtor shall then distribute the Sale Net Proceeds to FFB or after further order of the Court.

9. Proper and adequate notice of the Sale Motion has been served and no other or further notice is necessary under the facts and circumstances before this Court.

10. Upon the record before this Court, and after due deliberation, good and sufficient cause exists for the granting of the relief requested.

11. Section 363(f) is satisfied because all lienholders have consented or the sale price at which the Livestock and Frozen Genetics is to be sold exceeds the value of all liens on such property.

12. The Sale will provide the estate with fair and reasonable consideration.

13. The Sale Motion and Notice sufficiently describe the terms and conditions of the proposed Sale.

14. Service of the Sale Motion and Notice on all creditors, including all lien holders and interested parties satisfies each of the notice requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Local Rules for the U.S. Bankruptcy Court, Southern District of Indiana and provides adequate notice to those parties interested in the relief requested in the Sale Motion.

15. The service of the Sale Motion and Notice were reasonably calculated to apprise interested parties of the pendency of the matter and to afford them an opportunity to object. Interested parties have been afforded adequate notice of the Sale Motion.

16. The Auction is commercially reasonable and will be conducted in a commercially reasonable manner.

17. The Auction will be conducted in good faith and provide a benefit to the estate.

**IT IS THEREFORE ORDERED THAT:**

I. The Sale Motion is granted.

II. The Debtor is authorized to sell the Livestock and Frozen Genetics at Auction.

III. The Livestock and Frozen Genetics shall be sold "as-is" with no express or implied warranty.

IV. The Livestock and Frozen Genetics are to be sold free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. §363(b) and (f), with any interests to attach to the proceeds of the Sale.

V. All persons or entities holdings liens, claims, interests, and encumbrances in, on, to, or against the Livestock and Frozen Genetics, including but not limited to the FFB's interests, shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting such liens against any purchaser, its successors, assigns, or the Real Estate.

VI. The 14-day stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived.

VII. Any Purchaser at the Auction shall be deemed a good-faith purchaser entitled to the protections of 11 U.S.C. §§ 363(m) and (n).

5

VIII.  The Debtor is directed to file a report of sale within fifteen (15) days of the sale of the Livestock and Frozen Genetics or as soon thereafter as possible.

IX.  The Debtor is directed to hold the net proceeds, if any, in escrow subject to further order of this Court. Notwithstanding the forgoing, the Debtors shall pay FFB's claims up to the full amount of its claims at closing on the Sale.

X. This is a final order.

###