UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| UNIVERSAL LAND & LIVESTOCK, LLC, | ) | CASE NO. 17-80750-JJG-11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S SECOND MOTION PURSUANT TO 11 U.S.C. §363
FOR AN ORDER AUTHORIZING AND APPROVING THE SALE
OF DEBTOR'S REAL ESTATE AT AUCTION, FREE AND CLEAR
OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES WITH
<u>VALID LIENS TO ATTACH TO SALE PROCEEDS</u>**

Universal Land & Livestock, LLC, the debtor and debtor-in-possession (the "Debtor"), by counsel, pursuant to 11 U.S.C. §§ 363(b) and (f); Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure; and Local Bankruptcy Rules B-6004-1 and B-6004-2, seek an order authorizing and approving the sale of a portion of the Debtor's real property at auction and clear of liens, claims, interests, and encumbrances, with valid liens attaching to the sale proceeds (the "Sale Motion"). In support, the Debtor states the following:

**I. Jurisdiction and Venue**

1. The Debtor filed its petition for relief under Title 11, Chapter 11 of the United States Code on November 8, 2017 (the "Petition Date"). The Debtor has continued after the Petition Date in the possession of their property and the management of their business as Debtor-in-Possession pursuant to 11 U.S.C. §1107 and 1108.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(M) and (N). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. No trustee or examiner has been appointed in these chapter 11 cases, and no committees have been appointed or designated.

## II. Background

4. The Debtor owns real estate located in Vermillion County, Indiana, consisting of approximately 1044.07 gross acres (the "Additional Real Estate").

5. On January 5, 2018, the Debtor filed its Motion Pursuant to 11 U.S.C. §363 for an Order Authorizing and Approving the Sale of Debtor's Real Estate to Hicks Farms, Inc., Free and Clear of Liens, Claims, Interests, and Encumbrances with Valid Liens to Attach to Sale Proceeds [Doc. 45] which was granted by this Court's Order Granting Debtor's Motion Pursuant to 11 U.S.C. §363 for an Order Authorizing and Approving the Sale of Debtor's Real Estate to Hicks Farms, Inc., Free and Clear of Liens, Claims, Interests, and Encumbrances with Valid Liens to Attach to Sale Proceeds [Doc. 87].

6. Subsequently, Hicks Farm, Inc., gave notice of termination of the Real Estate Purchase Agreement pursuant to Section 3 thereof due to its lack of ability to timely secure funding to meet the closing deadlines.

7. On February 20, 2018, the Debtor obtained Court approval to sell approximately 2300 acres or real estate owned by the Debtor at auction (the "Auction") [See Doc 89] (the "Real Estate Auction Order") and obtained Court approval to retain Lowderman Auction & Real Estate (the "Auctioneer") to conduct the Auction [See Doc.

2

88] (the "Employment Order"). The Debtor desires to maintain the services of the Auctioneer to conduct and hold an auction of the Real Estate under the same Employment Order. The Auction of the Real Estate is scheduled for March 27, 2018.

8. By this Motion, the Debtor seeks to include and sell the Additional Real Estate at the Auction, free and clear of all liens, claims, interests and encumbrances.

9. The Auction and marketing shall be at the Auctioneer's discretion with timely advertising. The estimated advertising budget will be $80,000.00 which will be prorated between the sale of the equipment, livestock and frozen genetics of the Debtor, as well as assets belonging to Mark and Jame Krieger and Krieger Farms.

10. The Debtor, with the assistance of the Auctioneer and the cooperation of all creditors, shall take extensive efforts to contact all known possible parties that might be interested in purchasing the Additional Real Estate at the Auction.

11. Pursuant to this Sale Motion, the Debtor seeks an Order to transfer the Additional Real Estate as a legal, valid and effective transfer of the Additional Real Estate which will vest the Purchaser with all right, title and interest in the Additional Real Estate free and clear of any liens and claims of any and every kind or nature whatsoever pursuant to 11 U.S.C. §363(f) and all other applicable laws.

12. The Debtor believes the sale of the Additional Real Estate is in the best interest of the estate and creditors.

### III. Asserted Interests in the Additional Real Estate

13. First Financial Bank ("FFB") is the only lienholder with respect to the Additional Real Estate other than potential real estate taxes which will be paid at closing.

## V. Basis for Relief Requested—11 U.S.C. §363

14. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor to sell or lease property other than in the ordinary course of business after notice and a hearing. Generally speaking, a Court will approve a proposed sale or lease of property outside the ordinary course of business if such a sale or lease represents sound business judgment. See In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983); In re Allegheny Int'l Inc., 117 B.R. 171,176-77 (W.D. Pa. 1990); In re Stroud Ford. Inc., 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993). Such a sale or lease must be proposed in good faith. In re Abbotts Dairies, Inc., 788 F.2d 143, 147-50 (3d Cir. 1986); In re Lionel Corp., 722 F.2d at 1070-71; In re Allegheny Inc., 117 B.R. at 176-77; In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc., 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

15. Courts have found a sound business purpose if the sale of a debtor's assets is necessary to preserve the value of the assets for the estate, its creditors, or interest holders. In re Abbotts Dairies, Inc., 788 F. 2d at 150.

16. The Debtor submits that the sale of the Additional Real Estate is within its sound business judgment. The Debtor has determined that the sale of the AdditionalReal Estate will maximize the value of the Debtor's estate and is in the best interest of the estate and its creditors.

17. Section 363(f)(2) of the Bankruptcy Code provides that a sale may be free and clear of any interest in such property of an entity other than the estate if such entity consents. The only liens on the Additional Real Estate are described herein, but the Debtor will be serving all of its creditors with this Sale Motion and notice of opportunity to object. Absent any objection to this Sale Motion, any parties holding

4

liens, claims, interests or encumbrances on the Additional Real Estate will be deemed to have consented to the sale thereby satisfying section 363(f)(2).

18. The Debtor submits that one or more of the conditions set forth in Section 363(f) will be satisfied with the respect to the sale of the Additional Real Estate. Specifically, those parties holding liens, claims, interests or encumbrances will consent, or absent an objection to the Sale Motion, shall be deemed to have consented. Further, any such lien, claims, interest or encumbrance will be adequately protected by attachment to the sale proceeds.

19. The Debtor also requests that if no objections are filed or pending at the time of hearing on this motion, that the Court waive the 14-day stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Debtor prays that this Court grant the Sale Motion authorizing the Debtor to include the Additional Real Estate in and conduct the Auction, sell the Additional Real Estate free and clear of all liens, claims, charges and encumbrances, with valid liens attaching to the proceeds of the sale, and for all other just and just and proper relief in the premises.

Respectfully submitted,

HESTER BAKER KREBS LLC

By: */s/ David R. Krebs*
David R. Krebs
John J. Allman
Hester Baker Krebs LLC
One Indiana Square, Suite 1600
Indianapolis, IN  46204
(317) 833-3030
Fax: (317) 833-3031
Email:   dkrebs@hbkfirm.com
Email:   jallman@hbkfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- J Michael Debbeler    mdebbeler@graydon.com
- Laura A DuVall    Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
- Branson Daniel Dunlop    bdunlop@graydon.law
- Annette England    aengland@btlaw.com
- Mark S. Fryman, Jr.    fryman@starrausten.com
- Jeffrey M Hendricks    jhendricks@graydon.com
- Scott L. Starr    starr@starrausten.com
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

I further certify that on March 1, 2018, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

n/a

*/s/ David R. Krebs*
David R. Krebs
John J. Allman